IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY BODFIELD, | ) | 4:05CV3218 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| NEBRASKA PORK PARTNERS, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, Larry Bodfield, claims that the termination of his employment by the defendant, Nebraska Pork Partners, violated the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 to 2654, and also the Nebraska Act Prohibiting Unjust Discrimination in Employment Because of Age ("Nebraska Act"), Neb. Rev. Stat. §§ 48-1001 to 48-1009. The defendant has moved to dismiss the age discrimination claim, which the plaintiff is attempting to bring directly under the Nebraska Act (second cause of action)[1] and also under authority of Neb. Rev. Stat. § 20-148 (third cause of action). The plaintiff has failed to respond to the motion to dismiss, which will be granted in part and denied in part.

A private right of action is provided by § 48-1008 of the Nebraska Act, but only after the Nebraska Equal Opportunity Commission ("NEOC") has been allowed thirty days to investigate the employee's age discrimination complaint and, in its discretion, to file an enforcement action against the employer. Significantly, if the NEOC does decide to file an enforcement action, a subsequent private action is not permitted. Thus, the Act provides:

---

[1] The plaintiff's second cause of action is erroneously labeled as a "FEPA" action. (Complaint (filing 1), p. 2.) The Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1101 to 48-1125, does not apply to age discrimination claims.

> Any person aggrieved by a suspected violation of the provisions of sections 48-1001 to 48-1009 shall file with the Equal Opportunity Commission a formal complaint in such manner and form prescribed by the commission. The commission shall make an investigation and may initiate an action to enforce the rights of such employee under the provisions of sections 48-1001 to 48-1009. If the commission does not initiate an action within thirty days after receipt of a complaint, the person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of sections 48-1001 to 48-1009. Filing of an action by either the commission or the person aggrieved shall be a bar to the filing of the action by the other.

Neb. Rev. Stat. Ann. § 48-1008 (LexisNexis 2002).

The Nebraska Supreme Court has held that the 30-day period after the filing of a complaint is a condition precedent to the ripening of the aggrieved employee's cause of action. See Equal Opportunity Com'n v. Weyerhaeuser Co., 251 N.W.2d 730, 734 (Neb. 1977) (30-day period not a statute of limitations for NEOC to bring enforcement action).[2] Because Bodfield does not allege that he filed a complaint with

---

[2] Section 48-1008 thus resembles § 7 of the Age Discrimination in Employment Act ("ADEA"), which provides, in part, that "[n]o civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d). Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA in federal court. Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005). In the present action, Bodfield does not purport to bring an action under the ADEA.

In Weyerhaeuser, the Nebraska Supreme Court was construing the original version of § 48-1008, which provided:

> Any person aggrieved by a suspected violation of the provisions of sections 48-1001 to 48-1009 shall file with the Equal Opportunity

2

the NEOC at any time before bringing this lawsuit, his second cause of action is not ripe and must be dismissed for lack of subject matter jurisdiction.  See Vaccaro v. City of Omaha, 579 N.W.2d 535, 538 (Neb. 1998) (statute requiring exhaustion of administrative remedies is jurisdictional).  See also Mohr v. Dustrol, Inc., 306 F.3d 636, 643 (8th Cir. 2002) (exhaustion of administrative remedies is a jurisdictional prerequisite to a private civil action under Title VII), overruled on other grounds in Desert Palace, Inc. v. Costa, 539 U.S. 90, 95 (2003).

However, Bodfield also purports to bring his age discrimination claim under authority of a Nebraska civil rights statute, providing that "[a]ny person . . . who subjects . . . any citizen of this state . . . to the deprivation of any rights . . . secured by the United States Constitution or the Constitution and laws of the State of Nebraska, shall be liable to such person in a civil action . . . brought by such injured person."  Neb. Rev. Stat. Ann. § 20-148(1) (Lexis 1999).  Even though it seems incongruous that this general statutory provision might be used to circumvent the exhaustion-of-administrative-remedies requirement that is specified in § 48-1008, this is precisely the result intended by the Nebraska Legislature.

> The legislative history indicates that § 20-148 was enacted for a specific and limited purpose, that is, "to allow people who have complaints of discrimination to go into court rather than being

---

Commission a formal complaint in such manner and form prescribed by the commission.  The commission shall have a period of thirty days to make an investigation and initiate an action to enforce the rights of such employee under the provisions of sections 48-1001 to 48-1009.  If the commission does not initiate such action within the thirty-day period, the person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of sections 48-1001 to 48-1009.

Nebraska Laws 1972, LB 1357, § 6 (codified as Neb. Rev. Stat. § 48-1008).

3

compelled to go only through the Equal Opportunity Commission." Ritchie v. Walker Mfg. Co., 963 F.2d 1119, 1122 (8th Cir.1992), citing Floor Debate, L.B. 66, Judiciary Committee, 86th Leg., 1st Sess. 434-35 (Feb. 11, 1977). Based on the legislative history, courts have concluded "that the purpose of § 20-148 is to allow plaintiffs to enforce their constitutional and statutory rights in district court without first having exhausted statutory administrative remedies. Section 20-148 was enacted to provide an alternative remedy for plaintiffs who otherwise would be trapped in bureaucratic backlogs such as the one at [the Nebraska Equal Opportunity Commission]." Goolsby v. Anderson, 250 Neb. 306, 312, 549 N.W.2d 153 (1996); see also, Ritchie, 963 F.2d at 1122-23 ("[T]he intent of section 20-148 is to allow plaintiffs to bypass the time-consuming administrative procedures of the Equal Employment Opportunity Commission.") In light of this limited purpose, one federal district court stated:

> [Section 20-148] does not purport to create new causes of action or rights but merely provides a civil avenue of recovery for violations of constitutional or statutory civil rights provisions. Section 20-148 does not create a civil remedy for conduct which would violate the concept or spirit of a constitutional or statutory provision but for the absence of a jurisdictional fact. Rather it provides a civil remedy for violations of constitutional or statutory right. Therefore, the plaintiffs can succeed on these causes of action only if the pertinent constitution[al] provisions were actually violated.

See Ritchie, 963 F.2d at 1122 [quoting Jim Ritchie, et al. v. Walker Mfg. Co., No. CV90-L-329, 1991 WL 337615 (D.Neb. Jan. 4, 1991) (emphasis in original)].

Karstens v. International Gamco, Inc., 939 F. Supp. 1430, 1439-40 (D.Neb. 1996) (footnote omitted).

The Nebraska Supreme Court's direct holding in Goolsby was simply "that § 20-148 provides an independent cause of action for violations of the [Nebraska Fair

4

Employment Practice Act]." Parrish v. Immanuel Medical Center, 92 F.3d 727, 734 (8th Cir. 1996). Subsequent Nebraska Supreme Court decisions applying § 20-148 likewise have been concerned with "the interplay between § 20-148 and FEPA." Adkins v. Burlington Northern Santa Fe R. Co., 615 N.W.2d 469, 471 (Neb. 2000). During the course of its opinion in Goolsby, however, the Nebraska Supreme Court observed that a few years earlier, in Steier v. Crosier Fathers of Hastings, 492 N.W.2d 870 (Neb. 1992), the plaintiff had filed an action under § 20-148, alleging violations of both the Nebraska Act (age discrimination) and FEPA (disability discrimination), and no jurisdictional problem was found to exist. "Rather, in Steier, [the Court] analyzed the plaintiff's claims as if jurisdiction was proper under § 20-148." Goolsby, 549 N.W.2d at 156. Similarly, in a later case, Billingsley v. BFM Liquor Management, Inc., 613 N.W.2d 478, 482 (Neb. 2000), the Court found no jurisdictional problem where the plaintiff filed a fourth amended complaint alleging, for the first time, that his former employer "had discriminated against him on the basis of age in violation of Neb. Rev. Stat. §§ 48-1001 through 48-1010 (Reissue 1998), and Neb. Rev. Stat. § 20-148 (Reissue 1997)." (The appeal, however, was dismissed for lack of jurisdiction because it was filed prematurely.) In a subsequent appeal, Billingsley v. BFM Liquor Management, Inc., 645 N.W.2d 791 (Neb. 2002), a judgment awarding the plaintiff damages on his age discrimination claim was affirmed.

I therefore conclude that Bodfield's third cause of action is not subject to dismissal for lack of jurisdiction. Under Nebraska law, one may file a charge of discrimination with the NEOC, or one may file suit without ever dealing with the NEOC. See Adams v. Tenneco Automotive Operating Co., Inc., 358 F.Supp.2d 878, 880 (D.Neb. 2005) (discussing alternatives under § 20-148 and FEPA). It should be noted, however, that there are critical differences between age discrimination complaints filed with the NEOC under the Nebraska Act and other complaints of employment discrimination filed with the NEOC under FEPA. Under the Nebraska Act, the NEOC's enforcement powers are limited to "bring[ing] a civil action in its

name in any court of competent jurisdiction against any person deemed to be violating any of the provisions of [the act] to compel compliance with the provisions of [the act] or to enjoin any such person from continuing any practice that is deemed to be in violation of [the act]." Neb. Rev. Stat. Ann. § 48-1007 (LexisNexis 2002). FEPA, by contrast, authorizes the NEOC to conduct hearings and to enter orders requiring employers to cease and desist unlawful practices and also granting "such other affirmative action as may be appropriate which may include, but shall not be limited to, reinstatement or hiring employees, with or without backpay." Neb. Rev. Stat. Ann. § 48-1119(3) (LexisNexis Supp. 2005).

A FEPA claimant is permitted to file suit notwithstanding the pendency of an NEOC complaint, see Neb. Rev. Stat. Ann. § 48-1119(4) (LexisNexis Supp. 2005), but § 48-1008 of the Nebraska Act requires a claimant to wait at least 30 days after filing an administrative complaint before resorting to court. Also, suit is barred under FEPA if not filed within 90 days after the NEOC gives notice of its final action on a complaint, see Neb. Rev. Stat. Ann. §§ 48-1119(4) and 48-1120.1 (LexisNexis Supp. 2005), but under § 48-1008 suit is barred if the NEOC has previously filed a civil action of its own.

Despite these differences, an individual who claims age discrimination has the same immediate right of access to court as that of an individual who claims gender discrimination, for example. If, however, such individual files an age discrimination complaint with the NEOC, then questions arise as to whether suit can be filed under § 20-148 during the 30-day investigatory period, and, more importantly, whether suit can ever be filed under § 20-148 if the NEOC decides to bring an enforcement action under the Nebraska Act. Because Bodfield does not allege that he filed a complaint with the NEOC at any time, these additional questions regarding possible procedural bars to a right of action under § 20-148 are not presented in this case.

6

The defendant does not argue that insufficient facts are alleged to state an actionable claim of age discrimination under Nebraska law.[3] However, the defendant does argue, without citation of any authority, that damages are not recoverable under the Nebraska Act, or under § 20-148 for a violation of the Nebraska Act. This argument is contrary to the plain language of the statutes,[4] and, with particular regard to the § 20-148 action, is refuted by the Nebraska Supreme Court's affirmance of a judgment awarding damages for age discrimination in Billingsley.

In conclusion, the court lacks subject matter jurisdiction over the plaintiff's second cause of action brought under § 48-1008, but has subject matter jurisdiction over the plaintiff's third cause of action brought under § 20-148.[5] The plaintiff may pursue a claim for damages for the defendant's alleged violation of § 48-1004(1)(a).

Accordingly,

---

[3] Bodfield merely alleges that the defendant is a Nebraska general partnership that employs more than 50 individuals, and that he "was approximately 51 years old when his employment was terminated." (Complaint, ¶¶ 5,6, and 17.) The Nebraska Act applies to companies employing at least 25 individuals and to employees between the ages of 40 and 70, and declares that it shall be unlawful for an employer "[t]o refuse to hire, to discharge, or otherwise to discriminate against any individual with respect to his terms, conditions, or privileges of employment, otherwise lawful, because of such individual's age, when the reasonable demands of the position do not require such an age distinction[.]" Neb. Rev. Stat. Ann. §§ 48-1002(2), 48-1003(1), and 48-1004(1)(a) (LexisNexis 2002).

[4] Although the NEOC can only sue to compel compliance with, and to enjoin violations of, the Nebraska Act, individuals may obtain "such legal and equitable relief as will effectuate the purposes of [the act]." Neb. Rev. Stat. Ann. § 48-1008 (LexisNexis 2002). Under § 20-148, an employer violating the Nebraska Act "shall be liable" to the injured employee.

[5] The court has supplemental jurisdiction over this Nebraska civil rights claim under 28 U.S.C. § 1367(a).

IT IS ORDERED that the defendant's motion to dismiss (filing 13) is granted in part and denied in part, as follows:

1. The plaintiff's second cause of action is dismissed for lack of subject matter jurisdiction.

2. In all other respects, the defendant's motion is denied.

November 7, 2005.                    BY THE COURT:

                                     s/ *Richard G. Kopf*
                                     United States District Judge