IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY BODFIELD, | ) | 4:05CV3218 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| NEBRASKA PORK PARTNERS, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant has filed a motion for leave to file a reply brief and supplemental index of evidence (filing 24) in support of its motion for summary judgment, and Plaintiff has filed an objection (filing 25). Neither of these filings should have been made under our local rules.

Reply briefs and associated evidence may be filed as a matter of course. Thus, Nebraska Civil Rule 7.1(c) expressly provides:

> The moving party may file a reply brief and index of evidence no later than five (5) days after the nonmoving party files and serves the opposing brief. The reply brief may not merely repeat the moving party's initial arguments, but must address factual or legal issues raised in the opposing brief. No further briefs or evidence may be filed without the court's leave.

This rule applies to summary judgment motions. See NECivR 56.1.

In this case, Plaintiff's opposing brief was filed on February 21, 2006 (filing 20). This means that Defendant had until March 3, 2006, to file a reply brief and evidence. See NECivR 6.1(b) (3-day mailing rule applies even though service is made by electronic filing). Defendant's pending motion, which has a signed reply

brief and a signed supplemental index of evidence attached to it, was filed on February 28, 2006. I therefore will grant the motion and will accept the signed attachments instanter, without any need for refiling.

Defendant's counsel was previously advised by me in a different matter that leave of court is not required for filing a timely reply brief under NECivR 7.1(c). See Darleen J. Meyer v. Square D Company, No. 4:04CV3326, Memorandum and Order entered June 29, 2005. I now remind counsel of his obligation to comply with the rules of this court, see NEGenR 1.7(b)(1), and admonish him not to make any more unnecessary filings of this type.

With regard to Plaintiff's objection to Defendant's motion, our local rules are also very clear. Nebraska Civil Rule 7.1(b)(1)(A) states, in part:

> The party opposing a motion shall not file an 'answer,' or 'opposition,' 'objection,' or 'response' to a motion, or any similarly titled responsive pleading, but instead shall file a paginated brief which concisely states the reasons for opposing the motion and cites the authorities relied upon."

Plaintiff's objection therefore will be ordered stricken,[1] although the accompanying brief (filing 26), which is in the nature of a surreply brief regarding the summary judgment motion, will remain on file.[2] Plaintiff's counsel is likewise admonished to familiarize herself with, and to follow, our local rules.[3]

---

[1] Plaintiff's objection is two-fold: (1) that "rebuttal evidence" is not permitted under Fed. R. Civ. P. 56; and (2) that portions of an affidavit "are without foundation and not the best evidence."

[2] Surreply briefs are disfavored, however.

[3] Ironically, Plaintiff's counsel also appeared in the Square D case, and she therefore should be aware of the court's practice to permit the filing of reply briefs and additional evidence.

The object of the parties' briefing is a motion for summary judgment filed by Defendant (filing 19). Under our local rules, the moving party's brief must contain "a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law." NECivR 56.1(a)(1). "The statement of facts shall consist of short numbered paragraphs, each containing pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials relied upon to support the material facts recited in that paragraph." NECivR 56.1(a)(2) (emphasis in original). The opposing party's brief must contain "a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). "The response shall address each numbered paragraph in the movant's statement and, in the case of any disagreement, contain pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials upon which the opposing party relies." Id.

Neither party has strictly adhered to these briefing requirements.[4] Basically, however, Defendant contends that it is undisputed that "Bodfield was terminated on January 6, 2005 because he had exhausted all vacation time, sick leave and any other leave the company allowed under the FMLA [Family and Medical Leave Act]," and he had "requested additional time off because he experience some chest pains and did not 'feel right' at work." (Filing 19-2, at 2, ¶¶ 7-8.) While this appears to be the reason that was given for the termination, Defendant's evidence fails to establish its legitimacy. The evidence shows that Plaintiff applied for, and was granted, FMLA

---

[4] Defendant's "statement of undisputed facts" consists of nine numbered paragraphs. (Filing 19-2, at 1-2.) This is followed immediately by a "statement of facts" consisting of nine unnumbered paragraphs (id., at 2-4), and other facts are also scattered throughout Defendant's brief. Plaintiff's brief does not address Defendant's "statement of undisputed facts," but instead includes fourteen numbered paragraphs of additional "facts." (Filing 20, at 1-4.) Other facts are also scattered throughout Plaintiff's brief.

leave for a period of twelve weeks, from October 14, 2004, through January 6, 2005, to care for his sick wife; that Plaintiff returned to work two weeks early, on December 23, 2004; and that on December 30, 2004, he complained of chest pains and was instructed by Defendant to consult his doctor, who advised Plaintiff not to work for two weeks.  (Plaintiff had suffered a heart attack on September 22, 2004, and was off work from that date until December 23, 2004.)[5]  Even if Defendant is correct in its assertion that it was not required to provide Plaintiff with more than twelve weeks of FMLA leave during a rolling 12-month period,[6] a fact that has not been conclusively established,[7] equitable estoppel principles may apply in this case. See Duty v. Norton-Alcoa Proppants, 293 F.3d 481, 493 (8th Cir. 2002) (employer was estopped from claiming that employee had exhausted 12 weeks of FMLA leave where employer sent employee letter informing him that his entire 34-week sick leave

---

[5] Plaintiff states that he was on paid vacation and sick leave from September 22, 2004, until October 13, 2004, and was never informed that this period of absence was designated as FMLA leave.

[6] An employer is permitted to choose any one of the following methods for determining the "12-month period" in which the 12 weeks of leave entitlement occurs:
    (1) The calendar year;
    (2) Any fixed 12-month "leave year," such as a fiscal year, a year required by State law, or a year starting on an employee's "anniversary" date;
    (3) The 12-month period measured forward from the date any employee's first FMLA leave begins; or,
    (4) A "rolling" 12-month period measured backward from the date an employee uses any FMLA leave . . ..

29 C.F.R. § 825.200 (b).  "If an employer fails to select on of the options . . . for measuring the 12-month period, the option that provides the most beneficial outcome for the employee will be used."  29 C.F.R. § 825.200(e).

[7] The leave policy in evidence is dated August 2005.

qualified under the FMLA, and employee could have relied on letter to his detriment). Plaintiff also claims that he earned six more days of sick leave as of the first of the year, and Defendant has not effectively refuted this claim.

Defendant also argues that Plaintiff's termination did not violate the federal Age Discrimination in Employment Act (ADEA) because Plaintiff "admitted he was never told that his age was a factor in any employment decision, nor does he have any documents or statements that establish that age played a motivating factor in any employment decision that was made." (Filing 19-2, at 2, ¶ 9.) Plaintiff has not alleged a claim under the ADEA. Rather, Plaintiff claims that Defendant violated the Nebraska Act Prohibiting Unjust Discrimination in Employment Because of Age ("Nebraska Act"), Neb. Rev. Stat. §§ 48-1001 to 48-1009, and has brought suit pursuant to Neb. Rev. Stat. § 20-148.[8] In any event, neither the ADEA nor the Nebraska Act necessarily require direct evidence of discrimination. See Allen v. AT&T Technologies, Inc., 423 N.W.2d 424, 428 (Neb. 1988) (conforming to federal practice under the ADEA). Plaintiff can establish a prima facie case of discrimination by showing that: (1) he was a member of a protected group, (2) he was meeting the legitimate expectations of his employer, (3) he suffered an adverse employment action, and (4) there are facts that permit an inference of discrimination. See Zhuang v. Datacard Corp., 414 F.3d 849, 854 (8th Cir. 2005).

Plaintiff was approximately 51 years old when his employment was terminated. (Complaint (filing 1), ¶ 1; Answer (filing 17), ¶ 17.)[9] The Nebraska Act protects "individuals who are at least forty years of age but less than seventy years of age." Neb. Rev. Stat. Ann. § 48-1003(1) (LexisNexis 2002). The first element is satisfied.

---

[8] Although neither party appears to remember, the ability of Plaintiff to bring a state-law age discrimination claim without first exhausting administrative remedies was the subject of an earlier memorandum and order (filing 15).

[9] Neither party's briefs even mention Plaintiff's age.

5

Defendant argues that Plaintiff was not meeting its legitimate expectations because he required more leave time than he was entitled to, but, as discussed above, this is a triable issue. Plaintiff has also presented evidence that his job performance was deemed satisfactory; indeed, he received a raise while on leave as a result of a performance evaluation. There is no question that Plaintiff suffered an adverse employment action when he was fired. Thus, the fourth element is determinative.[10]

An inference of discrimination may be shown by evidence that the employer did not take similar adverse employment action against nonmembers of the protected age group. See Johnson v. Runyon, 137 F.3d 1081, 1082 (8th Cir.1998). Plaintiff has presented no such evidence. Evidence that the employee has been replaced by a "substantially younger" person may also suffice. See Stalhut v. City of Lincoln, 145 F. Supp.2d 1115, 1123 (D.Neb. 2001) (citing O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 313 (1996)). Again, Plaintiff has presented no such evidence.

Plaintiff only argues that age discrimination may be inferred because "[w]hen he was terminated for no good reason, Plaintiff believes that shows pretext." (Filing 20, at 3, ¶ 13.) In some cases, evidence of pretext—normally considered only at step three of the McDonnell Douglas[11] analysis—will satisfy this aspect of the plaintiff's prima facie case burden. See Putman v. Unity Health System, 348 F.3d 732, 736 (8th Cir. 2003). This is not such a case. Even if Defendant violated the FMLA in discharging Plaintiff, there is no reason to conclude that its stated reason for the discharge (i.e., that Plaintiff was off work for too long) was untruthful or an attempt to hide age discrimination.

---

[10] Plaintiff argues there is direct evidence of discrimination because he was the oldest employee in his unit and some of his co-workers called him an "old fart," but there is no evidence that any supervisors made such statements.

[11] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

In summary, viewing the facts in the light most favorable to Plaintiff,[12] I find that Defendant is entitled to judgment as a matter of law with respect to Plaintiff's claim that Defendant violated the Nebraska Act Prohibiting Unjust Discrimination in Employment Because of Age, as alleged in the "third cause of action" of Plaintiff's complaint.[13] Genuine issues of material fact exist, however, with respect to Plaintiff's FMLA claim ("first cause of action").

IT IS ORDERED that:

1. Defendant's motion for leave to file a reply brief and supplemental index of evidence (filing 24) is granted <u>instanter</u>.
2. Plaintiff's objection to additional evidence (filing 25) shall be stricken from the court file.
3. Defendant's motion for summary judgment (filing 19) is granted in part and denied in part, as follows:
    a. Plaintiff's "second cause of action" is dismissed.
    b. In all other respects, the motion is denied.

April 5, 2006.                          BY THE COURT:

                                        s/ *Richard G. Kopf*
                                        United States District Judge

---

[12] Summary judgment is disfavored in employment discrimination cases, as such cases are "inherently fact-based." Mayer v. Nextel West Corp., 318 F.3d 803, 806 (8th Cir.2003) (quoting Keathley v. Ameritech Corp., 187 F.3d 915, 919 (8th Cir.1999)). Nonetheless, summary judgment is proper when a plaintiff fails to establish a factual dispute on an essential element of his case. Simpson v. Des Moines Water Works, 425 F.3d 538, 542 (8th Cir. 2005).

[13] Plaintiff's "second cause of action," which he attempted to bring directly under the Nebraska Act, was dismissed by my previous order (filing 15) for lack of subject matter jurisdiction.